UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEMETRICK JOHNSON #412747** : **CASE NO. 2:22-CV-06201**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**GOTT RHAME ET AL** : **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATIONS**

Before the court is a Motion for Summary Judgment brought by Defendants Sgt. Columbus Rhame,[1] Lt. Dylan Johnson,[2] Lt. Travis Jackson, and Lt. Valiree Delhome,[3] (the "Officer Defendants"). Doc. 22. Following two extensions from the court, the time for opposition has passed, and plaintiff has filed no opposition memorandum. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion, the evidence submitted, and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED** and that plaintiffs' federal claims alleging constitutional and civil rights violations against the Officer Defendants pursuant to 42 U.S.C. § 1983 be dismissed with prejudice.

---

[1] Columbus Rhame was mistakenly named as Gott Rhame in the original Petition.

[2] At some point following the incident at issue in this suit, Lt. Dylan Johnson was elevated to the rank of Major. *See* Doc 22, att. 4.

[3] Valiree Delhome was mistakenly named Valiree Delhone in the original Petition.

1

It is **FURTHER RECOMMENDED** that plaintiffs' remaining state law claims be dismissed without prejudice for want of jurisdiction.

## I.
### BACKGROUND

#### A. *Plaintiffs' Claims*

This suit arises from an incident that took place on December 18, 2021, when Plaintiff Demetrick Johnson was incarcerated at Allen Correctional Center ("ACC"). While being escorted between the Saturn and Mars units of ACC, Plaintiff sustained injuries because, he alleges, Defendants Johnson, Jackson, and Rhame intentionally physically harmed him at the instigation of Individual Defendant Delhome, who had admonished him not to speak to female staff. Doc. 1, att. 13, pp. 3–6.

The Officer Defendants are all officers and employees of ACC. Referencing the state law doctrine of *respondeat superior* Plaintiff also named as a defendant the State of Louisiana, through the Department of Public Safety and Corrections on behalf of ACC, as the employer of the Officer Defendants. Doc. 13, p. 8, ¶ 37.

The Petition seeks relief under 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First and Eighth Amendments to the United States Constitution. Specifically, Plaintiff alleges that the incident constituted a violation of "Plaintiff's 8th Amendment right to be free from use of corporal punishment" [doc. 13, p. 7, ¶ 30], as well as retaliation against him for exercise of the "1st Amendment Right of an inmate to speak to staff regardless of gender." *Id.*, p. 4, 7, ¶¶ 13, 30. He also alleges that "[t]his claim is a tort claim." *Id.*, p. 1, ¶ 2. He seeks relief under La. Civ. Code art. 2315, alleging that "Defendants engaged in battery of an inmate in violation of their duty to the inmate to provide safe housing and a place to work[,]" and caused him physical and

emotional injury through negligence and/or negligent infliction of emotional distress. *Id.*, pp. 1, 8, ¶¶ 2, 34–35.

Officer Defendants now move for summary judgment on two bases. First, they argue that United States Supreme Court precedent *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), precludes Plaintiff from bringing the causes of action set forth in his lawsuit. Second, they argue that they have properly raised the defense of qualified immunity, shifting the burden to Plaintiff to show that the Officer Defendants' actions were excessive or unreasonable under the circumstances. Doc. 22, att. 2.

The motion for summary judgment is supported by a Statement of Material Facts Not in Dispute [doc. 22, att. 1] and the sworn statements of Master Sergeant Darren Scruggs, Captain Timothy Johnson, Major Curley Victorian, Defendant Dylan Johnson, and Disciplinary Court Chairperson Mark Estes, the latter of which attaches documents from the disciplinary hearing conducted following the incident, including written statements of Defendants Delhome, Rhame, Johnson. Doc. 22, atts. 3–11. After requesting and receiving multiple extensions of time to respond to the motion for summary judgment, [doc. 28] Plaintiff has not submitted a response to the motion. The motion, therefore, is unopposed.

### B. Undisputed Facts

The following facts are drawn from the Statement of Material Facts Not in Dispute [doc. 22, att. 1] and evidence submitted in support of the motion for summary judgment.

On December 18, 2021, after the electricity failed at ACC, Plaintiff refused direct verbal orders from Lt. Valiree Delhome to return to his bunk. Doc. 22, att. 3. He then resisted Lt. Delhome's attempts to escort him away from the area, requirng Lt. Delhome to call for assistance. *Id.* Master Sergeant Darren Scruggs and Sergeant Columbus Rhame arrived to assist Lt. Delhome,

3

whom Plaintiff threatened to kill. *Id.* att. 4. Scruggs, Rhame, and Delhome then called for additional assistance as they held Plaintiff to a fence, where he continued to resist being restrained. *Id.*, att. 3. Lt. Dylan Johnson, Lt. Travis Jackson and Sgt. George Lovejoy responded to the call for assistance and Lt. Johnson gave Plaintiff a direct verbal order to stop resisting and allow handcuffs to be placed on him, with which he complied. *Id.*

Officers Johnson, Jackson, and Lovejoy escorted Plaintiff toward the Mars unit for investigative segregation. *Id.* During this walk, Plaintiff threatened to spit on the officers, threatened them physically, and resisted being escorted by failing to walk normally. *Id.*, att. 4, p. 6. At some point, Plaintiff dropped his weight to the ground and he, Johnson, Jackson, and Lovejoy all fell, causing Plaintiff to sustain a cut above his left eyebrow. *Id.* He also sustained a bruise to his shoulder and a skin tear on his knee from the fall. *Id.*, att. 1, p. 2.

The officers brought Plaintiff to the Mars Housing Unit Infirmary for evaluation of his injuries. *Id.*, att. 4, p. 1. Plaintiff continued threatening staff and officers and refused direct verbal orders to quit threatening staff. *Id.*, pp. 2–5. Plaintiff was placed in a restraint chair to be taken to the Emergency Room at Allen Parish Hospital. *Id.*, p. 5.

On December 20, 2021, Plaintiff was brought before the Disciplinary Board for his actions on December 18, 2021, for which he was charged with defiance for refusing to obey a direct verbal order by Lt. Valiree Delhome, threatening to kill her, charging her with a raised fist, and attempting to spit on her. *Id.*, att. 4. He was also charged with defiance for spitting or threatening to spit on prison staff, causing officers to fall while they were attempting to restrain him, refusing to stop threatening Sergeant Lovejoy, and refusing to be restrained to be taken to the hospital. *Id.*, pp. 4–5.

Plaintiff entered a plea of not guilty, waived his appearance at the trial, and was represented by inmate counsel. *Id.* Plaintiff was found guilty of all charges brought in connection with his December 18, 2021, actions and he was sentenced to various penalties, including 90 days loss of Good Time. *Id.* He did not appeal this sentence and the loss of Good Time was imposed. *Id.*

## II.
### APPLICABLE LAW AND ANALYSIS

#### A. *Effect of Unopposed Motion for Summary Judgment*

Although the Court may not grant Defendants' motion for summary judgment "simply because there is no opposition," *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56 (e)(3). The court may consider an unaddressed assertion of fact as "undisputed for purposes of the motion." *Id.*; *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *White v. Coffield Med. Staff*, No. 21-40211, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) (per curiam) ("Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed.") (citing *Eversley*, 843 F.2d at 174); *Matthews v. Lo*, No. CV 21-1862, 2024 WL 1639078, at *1 (E.D. La. Apr. 16, 2024). Plaintiff failed to file a timely response; therefore the Court accepts as undisputed the facts set forth in the motion for summary judgment and asks whether those undisputed facts establish the Officer Defendants' entitlement to summary judgment.

### B. *Defendants are entitled to Qualified Immunity*

Because the Court exercises federal question jurisdiction, we begin by examining Plaintiff's claims arising under 42 U.S.C. § 1983 and the Officer Defendants' federal qualified immunity defense. *See Mullenix v. Luna*, 577 U.S. 7, 11 (2015).

"The Supreme Court over several years has developed protection from civil liability for persons going about their tasks as government workers in the form of immunity; not the absolute immunity enjoyed by prosecutors and judges, but a qualified immunity." *Cole v. Carson*, 935 F.3d 444, 446 (5th Cir. 2019), *as revised* (Aug. 21, 2019). The doctrine of qualified immunity protects government officials sued pursuant to 42 U.S.C. § 1983 "from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix*, 577 U.S. at 11 (citing *Pearson v. Callahan*, 129 S. Ct. 808 (2009)). It is "an '*immunity from suit* rather than a mere defense to liability.'" *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (emphasis in original) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix*, 577 U.S. at 12 (quoting *Malley v. Briggs*, 475 U.S. 335 (1986)). When a plaintiff alleges excessive force, "qualified immunity protects actions in the 'hazy border between excessive and acceptable force.'" *Mullenix*, 577 U.S. at 17 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)) (internal quotations omitted).

In the summary judgment context, a government official need only properly assert the defense of qualified immunity, then the burden shifts to the plaintiff to negate the defense. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" *King v. Handorf*, 821 F.3d 650, 654 (5th Cir. 2016) (quoting

*Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009)).  Plaintiff must marshal some evidence to demonstrate that the officers' actions were objectively unreasonable in the circumstances and in light of clearly established law in effect at the time.  *Poole*, 691 F.3d at 627–628 (5th Cir. 2012).  This requires Plaintiff to "'identify a case' or 'body of relevant case law' holding that 'an officer acting under similar circumstances . . . violated the [Constitution].'"  *Sims v. Griffin*, 35 F. 4th 945, 951 (5th Cir. 2022) (citing *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020)).

      The Officer Defendants submit undisputed evidence that Plaintiff was injured during a course of conduct in which he defied authority, threatened officers and staff, resisted restraint, and caused multiple officers to struggle and fall while trying to restrain him.  The incident was the subject of a disciplinary hearing, the hearing officer found that Plaintiff should be disciplined, and Plaintiff did not appeal that finding.  On the evidence before the Court, reasonable officers would be required to use some degree of force to contain the situation.  Although the complaint contains allegations that the Officer Defendants used excessive force to subdue him, Plaintiff submits no evidence in support of these allegations.  "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings."  *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984).

      Although Plaintiff characterizes the incident as the imposition of impermissible corporal punishment in violation of the Eighth Amendment and unconstitutional retaliation for exercise of his First Amendment rights, he cites to no analogous caselaw supporting that characterization.  He makes no attempt to explain how his rights were violated in the factual context established by the evidence submitted in support of the motion for summary judgment.  Thus, after the Officer Defendants properly raised the qualified immunity defense, Plaintiff "failed to point to any case—

sufficiently analogous or otherwise—supporting the proposition that the alleged constitutional violation was of clearly established law." *Culberson v. Clay Cnty.*, 98 F.4th 281, 287 (5th Cir. 2024). Accordingly, the Officer Defendants are entitled to summary judgment because Plaintiff failed to carry his burden to overcome the Officer Defendants' qualified-immunity defense.

### C. *Heck v. Humphrey*

Because the Officer Defendants are entitled to Qualified Immunity, this report and recommendation does not address the defendants' argument that *Heck v. Humphrey*, 512 U.S. 477, 486 (1994) precludes Plaintiff from bringing his 42 U.S.C § 1983 claims.

### D. *The remaining state law claims should be dismissed.*

Plaintiff's state law tort claims remain unresolved by this analysis. However, this Court exercises jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331 [doc. 1, p. 2, ¶ 4], and this Court exercises jurisdiction over the state law claims purely on the basis of supplemental jurisdiction under 28 U.S.C. § 1367.

Since we have found it proper to recommend summary judgment on Plaintiff's 42 U.S.C. § 1983 claims, after dismissal of such, no federal question would remain before this Court. "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Accordingly, if the District Court adopts the recommendation as to the federal claims, Plaintiff's state law claims should be dismissed without prejudice for lack of subject matter jurisdiction. *See id.*

### III.
#### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that the Motion for Summary Judgment [doc. 22] be **GRANTED** and that Plaintiff's federal claims alleging constitutional and civil rights violations pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that Plaintiff's remaining claims, all of which sound in state law,[4] be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**SO ORDERED** at Lake Charles, Louisiana, this 24th day of January, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The claims against the State of Louisiana arise solely under state law theories of *respondeat superior*, and so are encompassed in this dismissal. *See Irby v. Dep't of Corr.*, No. 2:12-CV-771, 2013 WL 3463596, at *4 (W.D. La. July 9, 2013) ("Plaintiff names the State of Louisiana and the LDOC as defendants herein. However, neither states nor state agencies are 'persons' within the meaning of 42 U.S.C. § 1983." (citations omitted)); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989) (recognizing that the Eleventh Amendment bars suits in federal court by a citizen against agencies or departments of his state).